GREGORY M. BERGMAN (Bar No. 65196)
MICHELE M. GOLDSMITH (Bar No. 178222)
ELINA ANTONIOU (Bar No. 274014)
BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024-4101
(310) 470-6110
(310) 474-0931--Fax

Attorneys for Defendant, CITY OF INGLEWOOD



FILED
CLERK, U.S. DISTRICT COURT
JUN 30 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT OLIVER,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF INGLEWOOD,<br>and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:15 CV 07576-AB (PJWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE LIMITED USE OF INFORMATION/ DOCUMENTS PRODUCED IN DISCOVERY<br><br>ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL. |

## [PROPOSED] PROTECTIVE ORDER

After consideration of the written stipulation of counsel, the Court hereby makes the following order:

    1.    Dissemination or use of the documents or the information contained in the documents or items produced or to be produced by the Defendant in response to Plaintiff's Request for Production of Document would cause Defendant annoyance, embarrassment, oppression, or undue burden or expense, and for that reason, pursuant to Federal Rules of Civil Procedure, Rule 26(c), this Protective Order protects such documents, as well as information derived therefrom (collectively, "Protected Information"), from dissemination or use outside of the instant litigation.

2. All Protected Information produced shall be marked "PROTECTED." If the first page of any multi-page document bears this legend, then the entire document is deemed protected, unless otherwise indicated by the producing party. The stamping of the legend "PROTECTED" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "PROTECTED," such document is still subject to the provisions of this Protective Order.

3. All Protected Information produced in accordance with the Protective Order shall not be used other than the instant case. It shall not be used in any other case, forum, proceeding, or for any other purpose other than the conduct of the instant litigation. Protected Information produced in connection with this Protective Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the Protected Information may be divulged to the media and the public. Nor shall the Protected Information be disseminated in any form, to any person, except by court order, or until such time as the "PROTECTED" designation is removed by agreement of counsel for the parties or by further order of this Court.

4. Those individuals authorized to review the Protected Information in connection with this litigation are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed Protected Information for any purpose to any person or entity not permitted access herein.

5. Protected Information shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the parties and their staff, (3) the parties to the action, including Defendant's designated representatives, (4) witnesses other than the parties may review any statement made by that witness, reports containing, referencing or repeating that witness's statements, and evidentiary and other items referenced in their statements or reports of their statements, so long as that witness

has agreed in writing in advance of any disclosure of Protected Information to be bound by this Protective Order, (5) independent experts and consultants retained by parties, and (6) any associates, assistants, and secretarial personnel of such experts, consultants and other persons designated by agreement of counsel for the parties, and so long as they have agreed in writing in advance of any disclosure of Protected Information to be bound by this Protective Order. In the event an individual does not consent to be bound by this Protective Order, no disclosure of Protected Information will be made to such individual. The Court and its staff may review all matters, which pertain to the discussion of the Protected Information, including law and motion matters, consistent with this Protective Order in respect to the Protected Information.

6. In the event that any Protected Information is used or referred to during the course of any court proceeding in this action, such Protected Information shall not lose its protected status through such use.

7. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Protected Information.

8. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

9. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Protected Information, shall

survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

10. The parties will preserve all Protected Information and copies thereof, and will return them to Defendant when this litigation is concluded, unless another method is expressly agreed to in writing.

11. The Parties and all signatories to the Stipulation submitted herewith, agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may approve or issue such a different Order.

12. A party's agreement to this Protective Order shall not be an admission that Protected Information must be produced in response to discovery, and the parties agree that this Protective Order pertains to the Protected Information related to discovery, and not trial.

### Challenging Designation of Protected Information.

13. At any time after receipt of documents labeled as Protected Information, Plaintiff may provide Defendant with a written objection in the form of a letter brief referencing this Protective Order, objecting to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for Plaintiff's objection. Upon receipt of such a letter brief written objection, Defendant shall provide a written response in letter brief format to Plaintiff within seven (7) business days. If Defendant does not agree with the position of Plaintiff, Plaintiff shall have the option of proceeding with a discovery motion contesting the Protected Information designation of the documents. The foregoing written objection process by letter brief shall not relieve the parties of the duty to comply with the meet and confer requirements of the Federal Rules of Civil Procedure,

including any local district court rules, prior to the filing of any such motion challenging the Protected Information designation of any such documentation.

14. Testimony taken at any deposition, conference, or hearing may be designated as Protected Information by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the taking party with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as Protected Information, and to label such portions accordingly. Any request to seal Protected Information that becomes part of the record shall be made pursuant to court motion.

It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Protected Information under the terms herein.

**IT IS SO ORDERED.**

DATED: 6/30/16

*Patrick J. Walsh*
HONORABLE PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

**ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL.**

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931